**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000664
06-NOV-2025
07:52 AM
Dkt. 83 SO

NO. CAAP-23-0000664

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ADAM Y. TAYLOR, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1FFC-23-0000156)

## SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, McCullen and Guidry, JJ.)

This case involves Defendant-Appellant Adam Y. Taylor's (**Taylor**) conviction for violation of an order for protection. Taylor appeals from the October 20, 2023 "Judgment of Conviction and Sentence; Notice of Entry" (**Judgment**) entered by the Family Court of the First Circuit[1] (**family court**). For the reasons set forth below, we affirm the Judgment.

---

[1] The Honorable James S. Kawashima presided.

On February 22, 2023, Plaintiff-Appellee State of Hawai'i (**State**) charged Taylor by Complaint with four counts of Violation of an Order for Protection in violation of Hawaii Revised Statutes (**HRS**) § 586-11(a)(1)(A) (2018).[2] Taylor pleaded not guilty. The family court granted Taylor's motion to sever Count 4[3] from Counts 1 to 3. In October 2023, Taylor's case went to trial on Counts 1 to 3. The jury found Taylor not guilty as to Counts 1 and 3 but found him guilty as to Count 2.[4] The family court sentenced Taylor to a two-year term of probation.

---

[2]     At the time Taylor was charged, HRS § 586-11(a)(1)(A) stated,

(a)   Whenever an order for protection is granted pursuant to this chapter, a respondent or person to be restrained who knowingly or intentionally violates the order for protection is guilty of a misdemeanor. A person convicted under this section shall undergo domestic violence intervention at any available domestic violence program as ordered by the court. The court additionally shall sentence a person convicted under this section as follows:

(1) For a first conviction for violation of the order for protection:

(A) That is in the nature of non-domestic abuse, the person may be sentenced to a jail sentence of forty-eight hours and be fined not more than $150; provided that the court shall not sentence a defendant to pay a fine unless the defendant is or will be able to pay the fine[.]

[3]     In November 2023, the family court entered a nolle prosequi as to Count 4.

[4]     Count 2 of the Complaint states,

On or about September 28, 2022, in the City and County of Honolulu, State of Hawai'i, [Taylor] did intentionally or knowingly violate the Order for Protection issued in FC-DA No. 22-2094 on September 21, 2022 by the Honorable Bryant Zane, Judge of the Family Court of the First Circuit, State of Hawai'i, pursuant to Chapter 586 of

(continued . . .)

On appeal, Taylor contends that the family court "erred by accepting the guilty verdict and adjudging Taylor guilty because the evidence presented at trial was insufficient to support conviction." Taylor raises the following points of error in this regard, contending that "there was insufficient evidence to support proof beyond a reasonable doubt that": (1) "the message sent by [Taylor] on September 28, 2022, constituted a violation of the order for protection because the order allowed for limited contact and Taylor's conduct fell within the exception"; and (2) "Taylor acted with the requisite intent to or knowledge of violation of the order for protection when he sent the September 28, 2022, message."

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised, we resolve Taylor's points of error as follows:

Taylor contends that the evidence adduced at trial was insufficient to support his conviction as to Count 2. He contends that the evidence was insufficient to prove that the electronic message he sent to the complaining witness (**CW**) on

---

[4](. . . continued)
the [HRS], thereby committing the offense of Violation of an Order for Protection in violation of Section 586-5.5 and Section 586-11(a) of the [HRS]. [Taylor] is subject to sentencing in accordance with Section 586-11(a)(1)(A) of the [HRS], where the violation of the Order for Protection was in the nature of non-domestic abuse.

September 28, 2022, was prohibited by the order for protection. He further maintains that the evidence was insufficient to prove that he sent that message in intentional or knowing violation of the order for protection.

We review Taylor's contentions of error under the following standard of review,

> **[E]vidence adduced in the trial court must be considered in the strongest light for the prosecution** when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but **whether there was substantial evidence to support the conclusion of the trier of fact.**

State v. Kalaola, 124 Hawaiʻi 43, 49, 237 P.3d 1109, 1115 (2010) (citations omitted). "Substantial evidence . . . is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id. (cleaned up).

Here, the record reflects that the CW obtained an order for protection against Taylor in the family court. The order for protection was admitted into evidence at trial as the State's Exhibit 1-A. Section III of the order for protection governs contact between the parties, and provides, in relevant part,

> 1. [Taylor] is prohibited from contacting [the CW], unless allowed by this order.
>
> 2. [Taylor] is prohibited from telephoning, writing, electronically communicating (for example: no recorded message, pager, email, text message, instant message,

4

etc.) or communicating through third parties with [the CW] unless allowed by this order.

. . . .

5. [Taylor] may have LIMITED contact with [the CW] for the purpose of:

. . . .

☑ other: **Parties may have limited contact with each other through Our Family Wizard**[5] **for matters regarding the parties['] minor children.** Parties to split cost of services. Parties shall register, activate services within 48 hours.

. . . .

☑ **Parties may have 3rd party contact through their attorneys to coordinate pick up of [Taylor's] property at the residence** and for the purpose of remote mediation sessions.

(Emphasis added.)

The CW testified that, pursuant to the order for protection, Taylor and the CW were ordered to communicate through Our Family Wizard "only regarding our minor children." Taylor and the CW were ordered to communicate "through [their] lawyers if it is something regarding the divorce." The CW testified that, on September 28, 2022, Taylor sent her a message via Our Family Wizard. The message, which was admitted into evidence as the State's Exhibit 2 and read by Taylor in court, stated: "[P]lease send kids with play clothes and shoes. [**A]lso[,] please send any mail as well as paperwork [o]n top of my [nightstand,]** if possible. [T]hank you." (Emphasis added.) The CW construed Taylor's message as violating the terms of the

---

[5]     Our Family Wizard is a co-parenting messaging application.

order for protection, and she "felt like [Taylor] was reaching and seeing what he could get away with."

The only evidence that Taylor's message related to the children was introduced through Taylor's testimony. Taylor testified that the "paperwork" referenced in the September 28, 2022 message contained "documents regarding the [Temporary Restraining Order (**TRO**)] and CSEA, which is Child Support Enforcement Agency, so directly related with the kids." On cross-examination, Taylor testified that he used Our Family Wizard to communicate with the CW "[o]nly about matters regarding the kids." Taylor did not, however, testify that the "any mail" referenced in his message related to the children.

Whether the "paperwork" contained TRO and CSEA documents was for the jury to decide based on Taylor's credibility, and "it is not for the appellate court to second-guess the jury." State v. Griffin, 126 Hawai‘i 40, 56, 266 P.3d 448, 464 (App. 2011) (citing State v. Gabrillo, 10 Haw. App. 448, 457, 877 P.2d 891, 895 (App. 1994). ("[T]his court will not attempt to reconcile conflicting evidence, or interfere with a jury decision based on the credibility of witnesses or the weight of the evidence.")).

Furthermore, proving state of mind by direct evidence is difficult. "Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all

6

the circumstances." State v. Batson, 73 Haw. 236, 254, 831 P.2d 924, 934 (1992) (cleaned up). Here, Taylor was informed of the terms of the order for protection, which distinguished between using Our Family Wizard for matters related to the children and having third-party contact through their attorneys to coordinate the pickup of Taylor's personal property. Taylor's message requesting that the CW "please send any mail as well as paperwork [o]n top of my [nightstand,] if possible" fails to relate to the children on its face, and it is fair to infer that Taylor was aware that his message to the CW did not comply with the order for protection. See HRS § 702-206(2)(a) (2014) ("A person acts knowingly with respect to his conduct when he is aware that his conduct is of that nature.").

We therefore conclude that, when viewing the evidence in the strongest light for the prosecution, there was sufficient evidence in the record to support Taylor's conviction on Count 2. Accordingly, we affirm the Judgment.

DATED: Honolulu, Hawaiʻi, November 6, 2025.

On the briefs:

Seth Patek,
Deputy Public Defender,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge